E-FILED
Wednesday, 21 September, 2005  12:38:57 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  05-30029 |
| | ) | |
| HERIBERTO MARTINEZ-CARRANZA, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter came before the Court on Defendant Heriberto Martinez-Carranza's sentencing hearing held September 16, 2005.  Martinez-Carranza was present in person and with counsel, Douglas Beevers.  The Government was present by Assistant United States Attorney Greg Gilmore. On April 21, 2005, this Court referred this matter to Magistrate Judge Cudmore for report and recommendation on Defendant's desire to enter a guilty plea.  Judge Cudmore entered a report and recommendation on May 6, 2005, recommending that this Court accept Defendant's plea of guilty to transportation of illegal aliens in violation of 8 U.S.C. § 1324.  There were

1

no objections to the report and recommendation, and the Court accepted it and adjudged Defendant guilty.  Order, September 15, 2005 (d/e 24).

The Court was in receipt of a Presentence Report (PSR), dated August 5, 2005, prepared by the United States Probation Office.  The Government had no objection to the PSR.  Defendant objected to the application of a U.S.S.G. § 2L1.1(b)(5) enhancement for intentionally or recklessly creating a substantial risk of death or bodily injury.  The Court overruled Defendant's objection, finding that the enhancement was proper considering all of the factors, including the crowding in the Suburban, the long duration of the trip, the lack of consideration of human needs to stop, use the restrooms, get food and something to drink, and the requiring of the men to use jugs to urinate in, jugs of urine which were transported in this crowded vehicle.  The Court, therefore, adopted the findings of the PSR.

Defendant had a base offense level of 12 under U.S.S.G. § 2L1.1(a)(2).  The offense level was increased by 3 levels under U.S.S.G. § 2L1.1(b)(2)(A) because Defendant transported 15 aliens.  The offense level was then increased to 18 pursuant to U.S.S.G. § 2L1.1(b)(5).  Defendant was entitled to a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1, resulting in a final offense level of 15.  Defendant had no

criminal history points, which placed him in Category I.  An offense level of 15 and criminal history Category I results in a Guideline range of 18 to 24 months imprisonment, in Zone D.  The Court recognized that, after the Supreme Court decision in <u>United States v. Booker</u>, the U.S.S.G. are no longer binding on the Court.  <u>Booker</u>, 125 S. Ct. 738 (2005).  However, they remain a factor for the Court to consider in sentencing.  <u>United States v. Williams</u>, 410 F.3d 397 (7th Cir. 2005).

THEREFORE, after considering the case file, including Defendant's Commentary (d/e 20) and the Government's Response (d/e 21), the PSR, the statements of counsel, Defendant's own statement, the applicable sentencing guidelines, and the sentencing factors set forth in 18 U.S.C. § 3553(a), the Court sentenced Defendant to 18 months imprisonment, followed by a period of three years of supervised release.  The Court ordered him to pay a $100 special assessment, due within one year; however, based on Defendant's financial status, the Court imposed no fine.

IT IS THEREFORE SO ORDERED.

ENTER:   September 21, 2005.

       FOR THE COURT:

                                     s/  Jeanne E. Scott
                                     JEANNE E. SCOTT
                        UNITED STATES DISTRICT JUDGE